SUTLIFF, C. J., and GHOLSON, BRINKERHOFF and SCOTT, JJ, concurred.

––––––––

RICHARD MORGAN *v.* THOMAS BOYD, SUPERVISOR, ETC.

Where a party presented his bill of exceptions for allowance, and also filed a motion for a new trial in the case during the trial term, and suffered his application and motion to be continued to the next term of court without objection, he thereby lost the benefit of his application for the allowance.

ERROR to the district court of Delaware county.

Thomas Boyd, as supervisor in road district, No. 5, in Troy

township, in Delaware county, brought an action before a justice of the peace, against Richard Morgan, for unnecessarily obstructing a public highway within the district, by unlawfully placing a rail fence within the limits of the highway and keeping it there, to the hinderance and inconvenience of persons making use of and passing along the highway. The petition, filed in the court of common pleas of Delaware county, on appeal from the judgment of the justice of the peace against Morgan, set out the cause of action as stated above, and Morgan answered, denying that he obstructed the said highway to the hinderance and inconvenience of persons making use of the same.

At the April term, 1858, of the common pleas, to-wit: April 10th, the cause came to trial to a jury, before the Hon. William Sample, as judge, and the verdict and judgment were for the plaintiff, Boyd.

April 15th, Morgan moved for a new trial, on the grounds:
1. That the verdict was contrary to the law and the evidence.
2. That the verdict was contrary to the charge of the court.
3. That the court charged the jury contrary to law.

On the same day, the following order was entered on the journal of the court: " In this case, the defendant by his counsel having presented a bill of exceptions to the court to allow and sign, and the court not having sufficient time fully to settle and consider the same, therefore the same and the motion for a new trial herein filed, together with all matters in this case, are retained for further consideration until the next term, to which time this cause is continued."

At the next two terms of September and December, 1858, " this cause was continued."

At the next term, held in March, 1859, by Judge Sample, before whom the case was tried, the following entry was made in the case:

" In this case, it is ordered that the motion for a new trial be overruled. The court now decline to sign the bill of exceptions for the defendant, for the reason that it is considered it has no authority to do so, except at the term at which

the trial was. had, and it is ordered that the judgment herein stand in full force."

To reverse this judgment of the common pleas, Morgan, in March, 1859, filed his petition in error in the district court, and assigned for error:

1. That the verdict of the jury did not determine the issues between the parties.

2. That the verdict is contrary to law.

3. That the court charged the jury contrary to law.

4. That the court refused to give instructions to the jury prayed for by Morgan, which the court ought to have given.

5. That the court neglected and refused to sign and allow the bill of exceptions given to the court for that purpose, at the time of the trial.

6. That the court erred in continuing the consideration of the signing and allowing the bill of exceptions, and then, at the March term, 1859, refusing to sign the same, for the reason that the court had so continued the consideration thereof.

7. That the court erred in refusing to grant a new trial, and in ordering the judgment to stand in full force at March term, 1859.

At the August term, 1860, of the district court, Morgan's attorney filed his affidavit stating, "that in the original case he drew up a bill of exceptions in due time, and presented it to the court, and which was in the hands of the court a number of days. Judge ·Sample, who held the court, after holding the bill of exceptions several days, returned it to this affiant, with a counter bill of exceptions, drawn up by the opposite counsel, and requested this affiant to see if we could agree upon the bill of exceptions. After holding it a few days, the affiant presented it again to Judge Sample, and informed him that it was not possible that the bill of exceptions could be settled by agreement of, or consent of parties; and that the affiant wished the judge to settle it, and sign, etc., the bill of exceptions. The court, Judge Sample, said he believed he was satisfied with either bill of exceptions, and could not say but he was satisfied to sign either, but that he

was determined to adjourn the court that day, and return home; that he could not take time to look it over again. Thereupon the entry was made to continue the matter until the next term, as the court will see by the record. After that the matter was continued, from time to time, until —— term, 1859, when Judge Sample, as court of common pleas, dismissed the whole matter, and refused to sign the bill of exceptions in any form, or either bill presented to him, on the ground that he could not do so, except at the trial term, as the court here will see by the record in the court of common pleas below. This affiant now moves the court here for a writ of mandamus upon Judge Sample to require him to sign the said bill of exceptions. This motion is made in good faith, for the purpose of obtaining strict justice, and not merely for any purpose of delay."

Afterward, at the same term of the district court, Morgan, the plaintiff in error, moved the court to grant an alternative mandamus on Judge Sample, to sign said bill of exceptions, or show cause against it. The grounds of the motion were the facts stated in the record, and in the affidavit set forth above.

Afterward, at the same term of the district court, the cause came on to be heard upon the petition in error; and before hearing the same, Morgan's attorney moved the court to allow the writ of mandamus asked for against Judge Sample; "which motion, as last made, the court refused to hear and determine, either before the hearing of this cause in error, or in conjunction therewith; and thereupon the counsel for the plaintiff moved the court to continue this cause to the next term of this court, that such writ of mandamus might be procured; which motion the court overruled, and thereupon this cause was heard and determined by the court," and the judgment of the common pleas was affirmed. To all these refusals, rulings and acts of the court, the plaintiff in error excepted; and to reverse this judgment of the district court filed his petition in error in this court, and insists that the district court erred:

Morgan *v.* Boyd, Supervisor.

1. In affirming, instead of reversing the judgment of the common pleas.

2. In not allowing the writ of mandamus as prayed for; " and in refusing to continue the case in error for the purpose of obtaining a more perfect record and transcript, and for the purpose of obtaining a return to the said mandamus, before hearing the said cause in error."

*Powell & Van Deman*, for plaintiff in error:

1. The signing of the bill of exceptions was postponed from the trial term to another, by order of the court of common pleas, and at its own instance, for consideration. And at the subsequent term, the court conceived that it had no authority, beyond the trial term, to sign the bill, and " declined to do so, *for that reason.*" This reason being stated, all presumption that there was any other is excluded.

In this refusal the court of common pleas erred. We admit that the court would have been right in refusing, at a subsequent term to sign the bill, had not the consideration thereof been thus continued at the court's own instance.

It is a well-settled principle of law, that when the law requires an act to be done within a certain time in order to acquire a right to something else, and it is delayed by the court taking time to consider, or the like, the party shall not lose by the act of the court. The reason of this is, " that the delay, being no default in the party, but came by the act of the court." *Crispe* v. *The Mayor of Renwick,* 1 Vent. 90. And it is said, *per curiam,* in *Craven* v. *Hanley,* Barnes, 255, that " the party must not suffer by the court's taking time to consider." The whole doctrine is admirably collected and reviewed by Daly, J., of the New York common pleas in *Clapp* v. *Graves,* and reported in the Cleveland Western Law Monthly, No. XI, 644. The court having refused to sign the bill of exceptions when it should, it is error, and may be reviewed on error, although the record does not show what the bill of exceptions contained; as in the case where a witness was excluded, who, for aught that appears, was competent. In such case the reviewing court will not inquire

how important or unimportant the witness would have been to the party, if he had been admitted.

See *Hardy* v. *Turney*, 9 Ohio St. Rep. 400; 3 Bla. Com. (Chitty's) 395 (b) n; *Shelby et al.* v. *Hoffman*, 7 Ohio St. Rep. 450; 1 Arch. Pr. 230; *Singleton* v. *Lewis*, Harden 258 (2 U. S. Dig. 166, secs. 184, 188.) The court of common pleas erred, and in affirming its judgment the district court also erred.

2. The district court erred also in refusing to allow the writ of mandamus, and in refusing to continue the case for that purpose.

When a case in error is pending, and something is found wanting in the case which can be supplied, as a diminution of the record, or a signing of a bill of exceptions, and the like, the court in error, upon the proper showing, will continue the case, and order the matter wanting to be supplied. This practice is in accordance with a correct administration of law.

The cases in error where the reviewing court has issued writs of mandamus to require the judge to seal or amend a bill of exceptions, as a collateral proceeding, as in case of *certiorari* upon diminution suggested, are very numerous. *Drexel* v. *Man*, 6 Watts & Serg. 388; *Livingston* v. *Miller*, 7 How. Pr. Rep. 219; *Fitch* v. *Livingston et al.*, Ib. 411; *Porter* v. *Harris*, 4 Call's Rep. 485; *People* v. *Pearsons*, 2 Scam. Rep. (Ill.) 186; *Bristol* v. *Phillips*, 3 Scam. Rep. 287; *Morris* v. *Buckley et al.*, 8 Serg. & Rawle, 211; *Sikes* v. *Ranson*, 6 John. 279; *Leatherwood* v. *Moody*, 3 Ired. 129; *Life and Fire Ins. Co.* v. *Wilson's heirs*, 8 Pet. 291; *Same* v. *Adams*, Ib. 306; *Ethelridge* v. *Hall*, 7 Porter's Rep. (Ala.) 47; *Bartlett* v. *Lang*, 2 Ala. 161; *Singleton* v. *Kennedy*, 9 B. Mon. 222,

3. No bill of exceptions was taken to the refusal of the court of common pleas to sign the first bill of exceptions at the subsequent term; and it was not necessary, because the journal entry shows the decision of the court and its error, without a bill of exceptions.

If the record shows the error, that is sufficient. It need

not show that an exception was taken to the erroneous decision. A court is bound to render a correct judgment, without any exception thereto, and if a correct decision is not made, and the record shows the error, it is subject to review. *Shelby et al.* v. *Hoffman*, 7 Ohio St. Rep. 451 ; 2 U. S. Dig. 183, sec. 680 ; 7 Wheat. 530 ; *Exparte Crane et al.* 5 Pet. 199 ; 1 Arch. Pr. 230 ; Co. Lit. 289, b.; *Hay* v. *Arberry*, 1 J. J. Marsh. 95 ; Hardin Rep. 410 ; *Haggin* v. *Squires*, 2 Bibb 334 ; *Osborne* v. *Reed*, 1 Blackf. 126. In these cases, the error appearing of record, there was no occasion for a bill of exceptions, and none were taken.

*Jones & Carper*, for defendant in error :

1. The application for a writ of mandamus was a proceeding by itself, not a matter relating in any way to the merits of the case then pending in error in the district court, nor pertaining to that case, but an original proceeding of *Morgan* v. *Sample* (the judge), which proceeding is still pending. No final order has been made in it.

If the district court had erred in not granting this writ, it would not have made a good cause for reviewing the other case.

2. But Morgan was not entitled to the writ, and the district court did not err in refusing to allow it, because :

(*a.*) Neither the application for the writ, nor the affidavit in support of it, avers that the bill of exceptions, presented by Morgan's counsel, was *true*, or that the judge had ever refused to sign a *true bill;* or that he had ever been called upon to " correct " the bill, or to " suggest " any corrections. Code, sec. 294.

(*b.*) It nowhere appears, either in the record or affidavit of counsel, that the objections set forth in the paper purporting to be a bill of exceptions, were excepted to at the trial, and at the time the decisions were made (Code, sec. 291), nor that the signing and sealing was suspended by consent of counsel, till the close of the trial (S. & C. St. 1157, sec 693).

(*c.*) It does not appear but that the court held the bill of

exceptions under advisement by consent of Morgan's coun-
sel. He does not except to that action of the court at the
time it is done, but afterward excepts, because the court had
continued the signing, *and then refused to do it.* Unless
a party *at the time* a decision is made excepts, or puts upon
the record something equivalent to that, he is presumed to
acquiesce. Code, secs. 281–293. An erroneous decision,
apparent on the record, affords no ground for error, unless
such decision was excepted to at the time it was made.
*Geauga Iron Co.* v. *Street,* 19 Ohio Rep. 301.

(*d.*) The judge of the common pleas could not be com-
pelled by mandamus to do that which he had no right to do
voluntarily. The statutes of March 12, 1855, and of April
12, 1858 (S. & C. St. 1157, sec. 693), seem to have taken
away the remedy by mandamus, in this case.

3. The district court did not err "in refusing to continue
the case in error, for the purpose of obtaining a more perfect
record and transcript, and for the purpose of obtaining a
return," etc.—because, 1. Morgan was not entitled to a man-
damus, as we have shown. 2. He elected to go in error upon
the *record as it was.* He was in the district court upon *his*
*petition in error.* The record contains no showing for a
continuance, to control the discretion of the court. See
*Loeffner* v. *The State,* 10 Ohio St. Rep. 598, 615.

4. The court of common pleas did not err in refusing to
sign the bill of exceptions at the term *subsequent* to the trial.
The case provided for by the statute (S. & C. 1156, sec. 693),
is where the bill of exceptions is presented during the trial
term, and *at the trial* (unless waived by counsel); and the
continuing the bill of exceptions does not carry the case
along, so that the court could sign the bill at the next term.
The judge had no authority to sign the bill after the trial
term.

5. As to the 1st error assigned in the district court, that
the verdict of the jury did not determine the issues between
the parties. There was but one issue, and that was designed,
evidently, to be a general issue. A general verdict was
proper. Code, sec. 275.

6. As to the 2d, 3d, 4th and 7th errors assigned in the district court, there was no record before that court, showing that these errors were well assigned. The presumption is that they were not.

SUTLIFF, C. J.—It is difficult to perceive how it can be alleged that in the record before us (the case of *Morgan* v. *Boyd*), there appears to be error in another record, viz., *Morgan* v. *William Sample*, the judge. It is true, the record in the case before us, discloses the fact that the plaintiff, during the hearing of this case in the district court, had moved that court for a writ of mandamus to be allowed against one of its members, Judge Sample, to sign a bill of exceptions, which, it is said, had been presented to him in the court of common pleas, at the term of the trial of the original cause in that court; and which the judge, at a subsequent term of the same court, refused to allow and sign. It might be here sufficient to say, in reply to the averment made in this record that the district court erred in not allowing and ordering a mandamus, that it will only be proper for this court to determine whether or not such error appears, when the record of that application is presented to us, and when application is made in this court for leave to file a petition in error, or to determine the question of error, in that case.

A proceeding in mandamus is an original and independent statutory proceeding, and governed by clearly prescribed provisions of the statute. The application for the writ must be by written motion, showing sufficient cause, and verified by affidavit; and, if required by the court, notice thereof must be given to the opposite party. If, in a proper case for the allowance, it be made to appear, from the record, that the district court refused the application, it would, doubtless, be competent for this court, upon petition in error, to reverse such order, so overruling the motion and refusing the application.

But in this case, we have not before us the motion, application and refusal, so made in the district court; nor, in fact

has there been any application to this court to file a petition in error in that case.

The second error assigned must, therefore, be regarded as foreign to this case.

But the same can not be said of the first error assigned. The allegation that the district court erred in affirming instead of reversing the judgment of the court of common pleas, is an assignment of error which makes it necessary for us to examine the several causes for the reversal of the judgment of the common pleas, assigned in the district court, and the correctness of the judgment of that court thereon.

The first error assigned in the district court is, that the verdict of the jury did not determine the issues between the parties.

The verdict in the case is in these words (after giving the names of the jury), "who being duly sworn, well and truly to try the issue joined between the parties in this case, upon their oaths do find a verdict in favor of the plaintiff, and assess his damages, by reason of the premises, at ten dollars."

By the code (sec. 275), it is provided, that " the verdict of a jury is either general or special. A general verdict is that by which they pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant. A special verdict is that by which the jury finds the facts only," etc. This verdict of the jury is, therefore, good as a general verdict; and they were not instructed to find a special verdict.

The 2d, 3d and 4th errors assigned in the district court, do not appear from the record; and could only be presented by a bill of exceptions.

It is assigned fifthly, that the court erred in neglecting and refusing to allow and sign a bill of exceptions in the case.

The correctness of this allegation can only be made to appear by showing that the refusal of the court was in disregard of the provisions of the statute, giving the right to a bill of exceptions.

In chap. 87, art. 5, of the code, it is provided that the

party objecting to the decision of the court, upon a matter of law, at the trial, must except *at the time the decision is made,* and that time may be given to reduce the exception to writing, *but not beyond the term;* that the party excepting must reduce the exception to writing, and present it to the court for allowance. If the writing is true, it is made the duty of the court to sign it; if the writing is not true, it provides that the court shall correct it, or suggest the correction to be made, and that it shall then be signed as aforesaid. It is further provided that " no exception shall be regarded unless it is material, and prejudicial to the substantial rights of the party excepting."

Now, in view of these statutory regulations upon the subject, let us turn to the exceptions to the action of the court of common pleas, in relation to the bill of exceptions, and see if the same are well taken.

The record before us, fails to inform us of the alleged errors of the court for which the bill of exceptions was demanded. There is no copy of the bill of exceptions presented to that court set forth in the record; and we are, therefore, unable to say that the same were material, and entitled to be regarded. Nor is it anywhere averred that the party so presenting the bill of exceptions during the term, excepted to the decisions complained of as illegal, *at the time* the decisions were respectively made. It is shown that the plaintiff in error presented the bill of exceptions to the court during the term of the trial at which the alleged errors were committed by the court; but the record shows that the court, instead of signing it *then,* as required by the statute, ordered both the motion for a new trial and the application for the allowance of a bill of exceptions to be continued until the next term of the court. Now, it would not be sufficient for us to find that the court erred in refusing to sign the bill of exceptions at the trial term, and continued the same; but, in order to entitle the plaintiff in error to any benefit by his petition in error, in that regard, it must also appear that he excepted to such decision of the court *at the time the decision* not to *then* sign, but to *continue* the application and motion for new trial, was so

made. But the record fails to show any exception on the part of plaintiff in error to the decision now complained of, nor does the record show that counsel did not acquiesce, and consent to such action of the court. It does not, therefore, appear upon the record that the plaintiff in error excepted, at the *time* it was made, to any illegal decision of the court during the trial term.

At the next term—the March term—of the court to which the motion for a new trial was continued, it appears that the motion was overruled, and the court declined to sign the bill of exceptions so presented at the previous term ; and it is said that, in overruling the motion and in refusing to sign the bill of exceptions, the court erred.

There is nothing in the record to show that the court erred in overruling the motion for a new trial. Nor does it appear that the court erred in refusing to sign the bill of exceptions taken and presented at the previous term of the court.

We are, of course, unable to say whether or not the court erred in overruling the motion for a new trial. If there existed in the case either of the eight causes for which the legislature (code, chap. 87, art. 6) has made it the duty of the court to allow a new trial, and such cause were proved on hearing of the motion, the court erred in overruling the motion. But error is never to be presumed, and no exceptions seem to have been taken, nor any bill of exceptions presented in regard to the action of the court in overruling the motion for a new trial. It is, therefore, impossible for us to perceive any error in the record in regard to overruling the motion for a new trial.

It is, perhaps, here unnecessary to say, in a case where the motion for a new trial has been continued to a subsequent term, to what extent the bill of exceptions taken on its hearing may embrace matters occurring on the trial at a previous term. Article 297 of the code allows the party a new trial for either of the eight causes therein mentioned. And upon proof of the alleged cause, on hearing of the motion, whether it be " misconduct of the jury or prevailing party," that the " verdict, report or decision is not sustained by suf

ficient evidence," or " error of law occurring at the trial, and excepted to by the party " asking a new trial, if the cause be proved on hearing of the motion, the party is as well entitled to the new trial, as he would be on proof of either of the other causes for which a new trial is required to be granted. And if the court, in disregard of the proof of the cause for a new trial alleged in the motion, overrule the motion, by the provisions of sec. 294 of the code, the party is entitled to his bill of exceptions, to show that the decision overruling such motion is contrary to law or opposed to the evidence.

But it is sufficient to say that the plaintiff in error, not having taken exceptions or presented any bill of exceptions to the overruling of his motion, no error appears upon the record in that regard.

The judgment of the district court in affirming the judgment of the court of common pleas, must, therefore, be affirmed by this court.

PECK, GHOLSON, BRINKERHOFF and SCOTT, JJ., concurred.