JACOB MUSSER'S EXECUTOR v. MELVINA CHASE.

1. An empiric, under the act of May 5, 1868 (S. & S. 523), is liable to a civil
   action for malpractice, notwithstanding it is made a penal offense for such
   person to practice medicine in any of its departments.

2. In an action for malpractice, where the defendant is declared against as
   a physician, proof that he held himself out as "a cancer doctor," and as
   having skill and experience in the treatment and cure of cancers, sub-
   stantially supports the allegation.

3. In an action against such person for an injury resulting from his unskill-
   ful treatment, proof that he accepted the employment will sustain an
   averment that he was employed "at his special instance and request."

4. Where the only bill of exceptions relied on was taken, after the trial
   term, upon the overruling of a motion for a new trial, the judgment
   will not be reversed for errors occurring at the trial, unless it appears
   from the whole record that the verdict was contrary to the law or the
   evidence.

5. Section 96 of the administration act, which provides that unless the claim
   has been exhibited to the executor or administrator, and has been dis-
   puted or rejected by him, he shall not be liable at the suit of a creditor,.
   does not apply to proceedings to revive an action before judgment,
   against the personal representative of a deceased party.

MOTION for leave to file a petition in error to the District
Court of Meigs county.

The original action was brought by the defendant in
error against Jacob Musser, in life, in the Court of Com-
mon Pleas of Meigs county, to recover damages for the
careless and unskillful treatment, by the defendant, of a
tumor on the plaintiff's nose, whereby she had wholly lost
that organ.

The retainer and employment of the defendant was,
charged in the petition as follows: "That on or about the-
29th day of March, 1874, the said plaintiff, at the special
instance and request of the said defendant, employed and
retained him, said defendant, as a physician, to treat and

cure the same (tumor) for a reasonable fee and reward," etc.

The defendant in his answer denied specially that he had been retained by the plaintiff for any fee or reward; that he had carelessly or unskillfully treated the tumor; that the plaintiff had lost her nose by reason of the treatment; that the plaintiff had employed him at his special instance or request; and that the plaintiff had lost her nose as alleged. He also averred that he never was employed by the plaintiff as a physician; that he never held himself out to the plaintiff or any other person as a physician; that the plaintiff's injury was the result of her own negligence, etc. Issue was joined upon the new matter contained in the answer.

Pending the suit the defendant died, and the action was revived against the plaintiff in error.

On the trial of the cause, verdict and judgment for $3,000 were rendered for the plaintiff; whereupon a motion by defendant for a new trial was made and continued to next term of the court. At the next term the motion was overruled, and the defendant, by bill of exceptions, placed on the record all the testimony, certain requests to charge which were refused, a portion of the charge as given, and certain testimony which was offered by him and rejected by the court.

The judgment of the common pleas was afterward, on error, affirmed by the district court.

This proceeding is to reverse both judgments below.

*Simeon Nash,* for the motion:

The question raised by the first instruction asked is, whether a party not authorized to practice medicine or surgery by the law of Ohio (S. & S. 523) can make a valid contract with one who knows that fact, so as to enable either party to maintain an action on it.

The rule is, that when an act is prohibited by law, and a penalty is put upon the party for doing it, the act or contract is null and void. *Wheeler* v. *Russell,* 17 Mass. 258;

*Daily* v. *Faber*, 5 Mass. 286 ; *Farrar* v. *Barton*, Ib. 395 ; *Lowe* v. *Walker*, 5 Doug. 736 ; *Eberman* v. *Reitzel*, 1 Watts & Serg. 181 ; *Downing* v. *Ringer*, 7 Miss. 585; *Elkins* v. *Parkhurst*, 17 Vt. 105; *Marks* v. *Hassgood*, 11 Ship. 407 ; 10 Met. 363 ; *Hall* v. *Malin*, 5 Har. & J. 193; 4 Serg. & R. 159 ; 1 Binney, 118; 72 Penn. St. 198; 9 Foster, 264; 10 Ib. 540 ; *Jordan* v. *Dayton*, 4 Ohio, 294 ; *Nichols* v. *Paulson*, 6 Ohio, 305.

From these decisions, the rule applicable to the present case. is, that all contracts made by persons unqualified to practice medicine and surgery are void, and no action can be maintained on such an agreement, though the same should be express, nor for the services rendered, however meritorious and beneficial they might be to the party. Musser, if he had cured this woman without in the least disfiguring her, could not recover pay for such services.

If Musser could not recover, can the plaintiff below recover on the same contract against Musser for malpractice? Can a contract be both void and valid—valid as to one party, and void as to the other ?

A contract binds both parties or neither. *Hill* v. *Roderick*, 4 Watts & Serg. 221; *Kelner* v. *Baxtercal*, L. R., 2 C. P. 174 ; 12 C. P., N. G. 694; S. C., L. R., 9 Exch. 13; 7 Eng, (Moahs) 298 ; 4 Bing. 77.

Any kind of medical practice comes within the comprehension of the statute. 4 Ohio, 294; 1 Iowa, 441; 15 Wend. 395; 16 Pick. 353; 59 Me. 181.

But there is another objection to this recovery equally patent, and that is, that the plaintiff entered into this contract well knowing the legal incapacity of Musser, and she insisted on his administering to it. Can a party who knowingly makes a contract with one who, by law, is prohibited from making it, recover on that contract at law or equity? *Newark* v. *Elliott*, 5 Ohio St. 113, 121; 5 Mass. 286.

Parties are bound to know the law, and therefore the plaintiff knew in legal contemplation that she was asking Musser to do an illegal act, and she was in complicity with

him in doing it. So she, by making this illegal agreement, contributed to her own injury complained of. Contributory negligence on the part of the plaintiff in receiving an injury precludes him from recovering against another person who also contributed to it. Saunders on Negligence, 55 ; *Waite* v. *Northeastern Railway Co.*, Ell., Bl. & Ell. 719 ; 28 L. J., Q. B. 258 ; *Harsing* v. *The N. Y. Central Railroad Co.*, 13 Barb. 15 ; *Livingstone* v. *Adams*, 8 Cowen, 175 ;, *Shaw* v. *Boston & W. R. R. Co.*, 8 Gray, 45 ; *Hibbard* v. *Thompson*, 109 Mass. 286.

There is another question on the record. The motion and order to revive is insufficient in law in this, to wit,. that there is no averment that this claim had been presented to the executor and disallowed. The act on executors and administrators (1 S. & C. 584, sec. 96) provides that no action shall be brought against an executor unless the claim has been exhibited to the executor and been rejected by him. The motion contains no such averment, nor was any evidence of that fact offered on the trial. This revival, then, took place when the plaintiff was not entitled to revive the action. A petition which did not contain such an averment would be bad on demurrer, as has always been held. *Hartar* v. *Taggart's Ex'rs*, 14 Ohio St. 122 ; *Kile* v. *Kyle*, 15 Ohio St. 15 ; *Farrier* v. *Cairn*, 5 Ohio, 45.

When this case was argued in the district court, it was argued on the errors assigned without objection. The court in its decision declined to regard the errors excepted to during progress of the trial, and to the exceptions taken at the trial on the rulings of the court in its charge to the jury, on the authority of the case of *Kline & Berry* v. *Wynne, Haynes & Co.*, 10 Ohio St. 224, though counsel had made no such objection. This ruling was made under the provisions of the code as to new trials, while the court utterly overlooked the case of *Coleman* v. *Edwards and Jackson*, 5 Ohio St. 51. Nor does the first case propose to overrule the decisions of *Hicks* v. *Person*, 19 Ohio, 437, and *Coleman* v. *Edwards*, 5 Ohio St. 51. The decisions made in these

last two cases were made under act of March 12, 1845, and the first-mentioned case was decided under the code, which is different from the act of 1845. The act now in force is a copy of the act of 1845 (*vide* dissenting opinion in *Coleman v. Edwards* for act of 1845). 73 Ohio L. 140; S. & C. 1155. This act, like the act of 1845, provides that either party may except to the opinion of the court on a motion for a new trial by reason of any supposed misdirection of the court to the jury. The decision in 5 Ohio St. 51, was made under this act, and is a construction of that act. And the re-enactment of the law of 1845 was the re-enactment as construed by the court.

*C. H. Grosvenor*, contra:

I. The plaintiff in error did not place himself in a position to take advantage of any erroneous rulings made by the court of common pleas, or any error in the charge or refusal to charge, if any such error did exist, for that:

1. No exceptions to the rulings of the court as to evidence were taken at the trial. 10 Ohio St. 224.

2. The statute (S. & C. 1155, secs. 693, 694) was repealed before the case was tried. It was repealed May 1, 1876. 73 Ohio L. 140.

II. It is claimed the action was not properly revived. We say it was not necessary to withdraw the claim in the pending suit, and submit it to the executor for allowance or rejection. The death of the party, the making of the executor a party, and his introduction into the suit, and his going on with the litigation, is a sufficient rejection.

III. This was not a suit on a contract. We set up that under a contract the relations of the parties began, and that thereupon, in fraud of the rights of the plaintiff, the defendant used a dangerous agent, and wantonly and recklessly did the injury.

Nor does it appear that Musser had no license, or, in other words, had no right to practice under the statute. S. & S. 523. Nor does the bill of exceptions show one

scintilla of evidence that Miss Chase knew that Musser was not authorized to practice medicine.

The gravamen of this action is that Musser undertook to cure a certain pimple that he said was a cancer, and that in attempting to cure the sore he used a dangerous remedy, wantonly, ignorantly, and negligently, and in so doing he committed an injury for which he is liable to respond in damages.

McILVAINE, J.   A number of objections are made to the judgment below, the more important of which may be stated thus :

1. That the contract sued on is illegal and void, under the act of May 5, 1868.   65 Ohio L. 146.

2. That the court of common pleas erred in refusing to charge as requested by the defendant.

3. That it also erred in overruling the defendant's motion for a new trial.

1. Under the act of May 5, 1868, it is made a penal offense for any person to practice medicine in any of its departments " who has not attended two full courses of instruction and graduated at some school of medicine," unless such person " has been continuously engaged in the practice of medicine for a period of ten years or more."

Conceding that the practice of Musser, as shown in this case, was in violation of this statute, it does not follow that the plaintiff, if injured by his malpractice, is without remedy by a civil action.   We fully recognize the principle that no right of action arises on a transaction prohibited by law ; but in our judgment the principle does not apply in this case.   The object of this statute was not to make the practice of medicine unlawful, but simply to protect the community from the evils of empiricism.   Whether the principle would apply if it were shown that the plaintiff, at the time of employment, had knowledge that the defendant was excluded from the right to practice his specialty (to wit, the treatment of cancers) by this act, we need not inquire, as it is nowhere in this record shown that she

had such knowledge. It is enough now to say that the duty and risk of ascertaining the qualifications of the defendant to practice was not devolved by this statute on the plaintiff, and therefore, in no sense, can she be regarded as a *particeps criminis.* The proposition on this point contained in the defendant's first request to charge the jury is a mere abstraction. Such knowledge was not alleged against her, nor was it made the subject-matter of proof. To hold in such case that public policy forbids a civil remedy for the injury sustained, would be to extend the operation of the statute beyond the purpose for which it was made, and to inflict a punishment where none is prescribed.

The principle and reason of this decision are declared in *Union M. Life. Insurance Company* v. *McMillen,* 24 Ohio St. 671, which was an action on a policy of life insurance issued by an agent of the company, in violation of the express provisions of a penal statute. The action was sustained.

2. The following requests to charge were refused by the court: "1. If the jury find the deceased was not a licensed physician, and said plaintiff knew that fact, and that said deceased only used, at her request, a remedy he had obtained from another, who claimed to be a physician, that then said agreement set up in said petition is illegal and void, and the plaintiff can not recover in the action. 2. That before the plaintiff can recover in the action she must show by her evidence to the satisfaction of the jury that said employment must have been entered into at the request of the defendant, as is averred in the petition; and if the evidence shows that said deceased was employed and retained by said plaintiff at her request, then the verdict must be for defendant. 3. That before the plaintiff can recover in this action, the plaintiff must prove to the satisfaction of the jury that the defendant did hold himself out as a physician in practice, under this petition. 4. That if said defendant simply claimed to be using a recipe or prescription obtained from another, and said plaintiff knew that fact when she employed him to use on her said pre-

scription, and not as a physician, then she can not recover. 5. That the plaintiff can not recover if, when she employed said deceased, he was not a physician authorized to practice under the laws of Ohio.  6. That if said plaintiff employed said Jacob Musser to heal the said tumor, knowing that he did not possess the skill required to treat such case, she must take the risk of the injury that resulted from the unskillful treatment of the disease, and can not recover unless the injury was caused by the fraud or gross negligence of said Jacob Musser."

For error in refusing to charge as thus requested, the judgments below can not be disturbed.  The bill of exceptions upon which this error is assigned was not allowed at the trial term.  Code, sec. 290 et seq.; *Morgan* v. *Boyd*, 13 Ohio St. 271.

The second proposition contained in the above series of requests is clearly not the law.  The averment that the retainer of the defendant was at his special instance and request is technical, and is sufficiently proved by showing that the defendant held himself out as a practitioner soliciting public patronage, and that the employment was by mutual consent.  The contract of employment being entered into, it matters not, under this averment, that it was induced at the special instance and request of the plaintiff.

3. The motion for a new trial in the court of common pleas was on the ground of supposed misdirection to the jury, and that the verdict was contrary to the law and evidence.  This motion was overruled at the term next after the trial term, to which the hearing of the motion had been continued; and thereupon the defendant took his bill of exceptions, in which was embodied all the testimony, the charges refused, a part of the charge as given, together with other exceptions taken during the trial.  In considering whether there was error in overruling this motion, the entire record is before us for review, including the matters given in charge and those refused as set forth in the bill of exceptions.  Sec. 4 of the act of April 12, 1858 (S. & C.

1155 ; 73 Ohio L. 140) ; *Coleman* v. *Edwards*, 5 Ohio St. 51 ; *Marietta & Cin. R. R. Co.* v. *Strader & Co.*, decided at present term, see *ante*, 448.

By looking into the record we find that all the law stated in the requests to charge, and material to the issue, was given to the jury, in substance, as follows : " But if you find from the evidence that the plaintiff, at the time of the employment mentioned in the petition, knew that the defendant was not a physician, that she knew he was not skilled in the removal of tumors and cancers, and that he did not know the nature, appearance, and character of such diseases, and that she did not rely upon his skill and ability as a physician, or as a person skilled in the removal and cure of tumors and cancers, but upon a recipe or prescription which the defendant claimed would remove and cure tumors and cancers, then, if the injury complained of in the petition was caused or produced by such recipe or prescription, and not by the negligence or carelessness of the defendant, then the plaintiff can not recover." This charge, upon the propositions contained in the requests, was as favorable to the defendant as he had a right to ask.

The testimony shows that the original defendant was a farmer by general occupation, but also held himself out as a cancer doctor, having skill and experience in the treatment and cure of cancers, and claiming also to be in possession of a certain recipe or prescription, procured from one Dr. Garrett, a cancer specialist, that would remove cancers without affecting sound tissue. Such was the character in which he was employed by the plaintiff below.

Now, it is claimed by plaintiff in error that such proof did not sustain the averment in the petition that he was employed as a physician. We think the gravamen of this averment is, that he was employed as one professing to have skill and experience in the treatment and cure of the malady with which the plaintiff was supposed to be afflicted, and that the proof not only sustains the averment when properly construed, but brings the party employed within

the rule of law which requires the exercise of such skill and care as are usually possessed and employed by the general physician in the treatment of such maladies.

It is also claimed that the court of common pleas erred in rejecting certain testimony.

On the trial, Dr. Garrett, from whom Musser had received the recipe for the compound used in the treatment of plaintiff's malady, was a witness for the defendant, to whom the following questions were put:

1. State what you know about the knowledge and skill of Musser in regard to the treatment of cancerous diseases?

2. What instructions did you give him how to use the medicine?

3. Did you give him instructions how to use the medicine?

While the objection to these questions is not apparent, it is enough to say, in addition to the fact that the real controversy was as to the skill employed by Musser in the treatment of the case, and not as to the skill which he possessed, that the record does not disclose the nature of the testimony expected from the witness in response to these questions. *Gondolfo* v. *State*, 11 Ohio St. 114.

We will notice one more objection urged by plaintiff in error against these judgments. It is claimed that the order of revivor against the plaintiff in error was erroneous, for the reason that section 96 of the act relating to executors and administrators (S. & C. 584) was not complied with. This section provides that an executor or administrator shall not be liable to the suit of a creditor, in certain cases, unless the claim has been exhibited to the executor or administrator and has been disputed or rejected by him.

This provision does not apply to a proceeding to revive an action pending at the death of the party, or to such action after revivor. *Farrier* v. *Cairnes*, 5 Ohio, 45, is not in point. But, if it were otherwise, it would be too late to raise the objection for the first time after the appearance of the executor and trial had upon the merits of the claim.

We find no error in the record for which the judgments below should be reversed.

*Motion overruled.*