Dickman, J.
The original action was commenced in the Court of Common Pleas of Union county by William Whitley, the defendant in error, against J. J. Finley and P. R. Kerr, the plaintiffs in error. . Whitley in his petition alleged, that on the 30th day of July, A. D. 1885, the defendants imprisoned him and deprived him of his liberty for the space of one hour, unlawfully and with force, on a pretended charge of assault; that while he was so imprisoned, the defendants took and hauled away of his property one large load of unthreshed wheat, of the value of $18.00, and after obtaining such property, released him, and thereafter refused to prosecute the charge of assault. * * * He asked judgment against the defendants for damages in the sum of two thousand dollars.
Finley, for his separate answer to the petition, denied each and e.very allegation in the petition contained. Kerr, for answer, denied each and every allegation contained in the petition, and further said, that on the 30th day of July, 1885, he filed with one F. M. McAdams, a justice of the peace, an affidavit charging Whitley with an unlawful assault upon him ; that the justice issued a warrant for the arrest of Whitley, and deputed J. J. Finley to serve the same; that he went with Finley to the home of Whitley, and pointed out Whitley to Finley, who then and there arrested Whitley; and that he, Kerr, took no further part in the arrest, and did not further prosecute the plaintiff on the charge.
The case was tried to a jury, at the February term, 1886, and a verdict was returned in favor of the plaintiff for $370.62. A motion for a new trial was made and continued to the next term.
No bill of exceptions was allowed and signed at the trial term, nor within thirty days thereafter. At the next, or May term, 1886, the motion for a new trial was overruled, and judgment was rendered on the verdict for $200.00, upon the plaintiff’s consenting to a remittitur of all above that surli. On the *526 overruling of the motion for a new trial, a bill of exceptions was taken by the defendants, containing all the testimony given on the trial by either party, together with the charge of the court to the jury. The bill of exceptions also set forth, that during the progress of the trial, the defendants excepted to certain rulings of the court, whereby testimony offered by the plaintiff was allowed to go to the jury, and testimony offered by the defendants was excluded; and, that the defendants excepted to a portion of the charge of the court to the jury, and to the refusal of the court to charge the jury as by them requested. But no exception, taken by the defendants during the trial, was reduced to writing and presented to the court for allowance during the trial term, or within the statutory period after such term.
On petition in error to the circuit court, the judgment of the court of common pleas was affirmed, and this proceeding is instituted to reverse the judgment of the circuit court.
Whether the trial court erred in the admission or rejection of evidence, or in misdirection to the jury, or in a refusal to charge the jury as requested, cannot be considered in this proceeding, as no such error of law occurring in the course of the trial has been saved by bill of exceptions. Under the statute as it stood in 1886, it was essential for the party objecting to the decision of the court upon a question oflaw arising during the trial, to except at the time the decision was made; and when the decision was not entered on the record, or the grounds of the objection did not sufficiently appear in the entry, the party claiming to be prejudiced by the ruling was required to reduce his exception to writing, and bring the question on the record by bill of exceptions allowed and signed at the trial term, or within thirty days thereafter. Revised Statutes, sections 5297-5302. t For error of law occurring at the trial, the bill of exceptions should be perfected while all the facts -and circumstances are fresh in the recollection of the counsel and the court. Hicks v. Person, 19 Ohio, 426, 437. And although the exception be in fact taken, if not reduced to writing within the time limited by the statute, it will be regarded, in law, as no exception ; nor, will the court have *527 power to dispense with the consequences by a continuance oí the motion for a new trial. As said by Gholson, J., in Kline v. Wynne, 10 Ohio St. 228 : “ If upon a motion for a new trial, for a cause of error of law occurring at the trial, a continuance of that motion to a subsequent term, will enable the court to reduce the exception to writing at such subsequent term, with precisely the same effect as if it had been done at the trial term, it is evident that the rule would have ho positive or-binding obligation, but might, in every case, be dispensed with at the pleasure, or iu the discretion of the court.” See also Dayton v. Hinsey, 32 Ohio St. 258; Estabrook v. Gebhart, Ib. 415; Marietta & Cin. R. R. Co. v. Strader & Co., 29 Ohio St. 448; Musser’s Ex’r v. Chase, Ib. 577; Morgan v. Boyd, 13 Ohio St. 271; Kerr v. State, 36 Ohio St. 614.
But it is contended’ that although the motion for a new trial was continued to and overruled at the term next after the trial term, and although no bill of exceptions for error of law occurring at the trial was perfected within the time prescribed by statute, yet, the defendants below, after the overruling of such motion, having taken a bill of exceptions embodying the charge of the court as well as all the evidence, this court, in considering whether a new trial should have been granted, will look to the charge in connection with the evidence, with a view of determining whether the verdict was contrary to law or the evidence, and whether substantial justice has been done, or a new trial'ought to have been granted.
We are to conclude from the record, that all the evidence given on thé trial, with the charge of the judge, passed under the review of the circuit court, and that court, in affirming the judgment of the court of common pleas, is presumed to have determined that justice substantially had been done between the parties. But the same procedure does not, in our judgment, devolve upon this court. Section 6710, of the Revised Statutes, provides that, “ the Supreme Court shall not, in any civil cause or proceeding, except when its jurisdiction is original, be required to determine as to the weight of the evidence.” The manifest design of such provision, when considered in connection with the establishment of the circuit court, *528 is to enable this court, as far as practicable, to limit its province to questions of law, without, the necessity of examining all the evidence in a cause. Rut that object will not be fully attained, if, after a failure to save errors of law that arise during the trial, by bill of exceptions taken in due time, parties may evade the provisions of the statute, by seeking substantial justice through the medium of a motion for a new trial, on the ground that the verdict is not sustained by sufficient evidence, or is contrary to law. Whether the verdict is supported by sufficient evidence, it is clear, we need not inquire. And whether the jury have found contrary to the law, must ■depend upon the state of the facts ; but, to ascertain, the facts must involve a determination by this court as .to the weight of the evidence, which the statute provides shall not be required.

In our opinion, the judgment of the oireuit court should be ■affirmed.