Speak, J.
Two grounds are urged in support of the motion to dismiss, (1) That the judgment on the merits cannot be reviewed because .the statute of limitations had cut off the right to prosecute error at the time the petition in error was filed; and (2) That the overruling of the motion for the new trial cannot be reviewed because no bill of exceptions was taken to the overruling of the motion.
The act in force and applying to the case is the act of March 28,1889, (section 6723, Revised Statutes,) which provides that “No proceedings to reverse, vacate, or modify a judgment or final order shall be commenced unless within six months after the rendition of the judgment or making of the final order complained of.” More than thirteen months elapsed between the rendition and entering of the judgment in the circuit court and the filing of the petition in error in this court. On the face of things the petition came too late for a review of the judgment on the merits.
We are entirely in accord with the proposition of counsel that a party must, before appealing to a reviewing court, exhaust his remedies in the court below where the evidence was heard, and that, where a motion for a new trial is necessary, his remedies are not exhausted until that court has refused a new trial on his motion.
But this is very far from saying that a party may have a final judgment reversed upon a bill of exceptions taken at the trial term where the court was not at that term asked to grant a new trial.
Nor does a judgment which disposes of all the issues become an interlocutory one because of the fact that the losing party files a motion for a new trial after the judgment is rendered and entered, and allows the term to close without asking action of the court upon his motion. Neither can *544 action at the next term in overruling the motion have that effect.
The fact that the plaintiff could not prosecute error until he had exhausted his remedies in the trial court, and that that was not done until the September term, is urged as a reason why he should now be allowed to maintain his action here. This is equivalent to saying that because the opportunity to so exhaust his remedies was not improved at the proper time, therefore the operation of the statute of limitations should be postponed until such time as he might see fit to ask action on his motion. The claim is without substance. We cannot assume that the motion was ordered continued at the January term, inasmuch as the journal entry fails to show any such order. On the contrary, the presumption is that the plaintiff allowed it to go by default. Whether or not it would make any difference if the court had ordered a continuance of the motion we need not inquire. It suffices to say that it was plaintiff’s right to ask for a disposal of his motion at that time, and that he chose not to insist upon that right. He is in no position now to complain of the court for not doing what he did not demand or ask it to do ; nor can his position in any way be improved because of his own indifference. The language of the statute is plain. It requires no construction. No such proceeding “shall be commenced unless within six months after the rendition of the judgment.” Clearly this court cannot now be asked to review the judgment rendered at the January term.
As to the other point it is enough to say that the action of the circuit court at the September term, 1890, in overruling the motion for a new trial cannot be inquired into by this court in the absence both of a bill of exceptions to that ruling and of a finding of facts by the court. It seems to be claimed that no bill of exceptions was necessary because a bill was taken at the- trial term. We do not so understand the rule.' The distinction between the office of a bill of exceptions taken at the judgment term, containing the party’s exceptions to alleged errors occurring during the trial, and of a bill taken to the order overruling a motion for new trial *545 at a subsequent term, is well recognized in practice. It is pointed out in Coleman v. Edwards, 5 Ohio St. 55; in Morgan v. Boyd, 13 Ohio St. 271; and in Dayton v. Hinsey, 32 Ohio St. 258, and need not be repeated here. The journal entry overruling the motion contains no finding of facts, nor does it show in any way upon what the court acted. A defeated party who desires to prosecute error to the overruling of his motion for new trial, must preserve his exceptions by a bill of exceptions, or procure a finding of facts by the court. Error will not be presumed.

Motion sustained.