## ACTIONS AGAINST DECEASED DEFENDANTS.

Circuit Court of Ashland County.

CATHERINE GLASS v. GEO. W. BUZZARD ET AL.*

Decided, October 21, 1910.

*Revivor—Administrator of Deceased Defendant Made a Party—Claim Involved in Action Need Not be Presented to Administrator—Section 11261.*

1. Where a cause of action has been revived without objection against the administrator of a deceased defendant, and upon being served with summons he entered an appearance and filed a demurrer, nothing further appearing of record, the revivor must be regarded as sufficient.
2. No presentation or rejection is necessary of a claim against an administrator, where the claim was in suit at the time of the death of the defendant and the petition stated facts sufficient to constitute a cause of action; such a cause may proceed to judgment.

*Chapman & Taggart,* for plaintiff in error.
*McCray & McCray,* contra.

TAGGART, J.; DONNELLY, J. (of the Third Circuit), and VOORHEES, J., concur..

By this proceeding in error, the plaintiff seeks to reverse the judgment of the court of common pleas.

In that court Catherine Glass was plaintiff and James Buzzard and Geo. W. Buzzard were defendants. In her petition the plaintiff sought to recover from James Buzzard, then in full life, the amount which she claimed was due and owing to her for care, food and clothing for the infant children of the defendant, James Buzzard.

The second cause of action alleged the indebtedness set out in the first cause of action, and then claimed that, in order to defraud his creditors, the defendant, James Buzzard, had conveyed to George Buzzard certain real estate for a colorable consideration, but in fact without any consideration, and prayed that the defendant, George Buzzard, might be restrained from

---

* Affirmed by the Supreme Court, without opinion, 85 Ohio St., ——.

selling or incumbering said real estate, and that the conveyance
so made might be set aside, and for such other relief as might
be proper and equitable in the premises.

From the transcript of the docket and journal entries we
learn that service was had upon both of these defendants, and
while the action was pending James Buzzard deceased, which fact
was brought to the attention of the court, and leave was granted
to substitute George Buzzard, administrator, as party defendant.
At whose suggestion this action of the court was taken we are
not advised. If it was upon the suggestion of George Buz-
zard, it was entirely proper and legal. If it was on the sug-
gestion of the plaintiff, no exceptions were taken by any one to
the action of the court in respect thereto, but we are advised by
this transcript that summons were issued and returned, serving
the administrator personally.

Later George Buzzard, as administrator, filed a demurrer. The
ground of such demurrer is that the petition does not state facts
sufficient to constitute a cause of action against him as such ad-
ministrator.

This demurrer was sustained by the court, and upon plaintiff
not desiring to plead further the action against the administra-
tor was dismissed and final judgment rendered, dismissing the
petition. The entry recites that the court sustained this de-
murrer because the petition does not state facts sufficient to con-
stitute a cause of action, and because said administrator was not
made a party to this cause as provided by law.

We think it reasonably appears that this action was revived
as against the administrator, without objection, and upon serv-
ice of summons upon him he entered an appearance and filed
a demurrer, which would give to the court jurisdiction of the
person of the defendant, and nothing further appearing on the
record would be sufficient revivor of the cause of action as
against him.

As to the other ground, that the petition does not state facts
sufficient to constitute a cause of action, we are advised the
court adopted the view that the petition did not aver an ex-
hibition or presentation of the claim and the rejection by the
administrator.

We think that where an action is rightfully grounded against an intestate in his lifetime and subsequently revived, no presentation or rejection of the claim is necessary, and that the action may proceed to final judgment upon the cause of action as stated against the deceased, provided the petition stated facts sufficient to constitute a cause of action against the intestate.

We are supported in this view of the law by the 8th N.P. (N.S.), at 629, and by the case of *Mussers' Executors* v. *Melvina Chase*, 29 O. S., at 577 and 586.

For the error of the court in sustaining this demurrer, the judgment of the court of common pleas is reversed, and this cause is remanded for further trial and proceedings according to law.

---

## DETACHMENT OF LANDS FROM A MUNICIPALITY.