Stewakt, J.
The Court of Common Pleas overruled plaintiff’s motion for an order of revivor, upon the theory that before a revivor could be had it was necessary for plaintiff to present her claim to Cecil J. Barber, administrator, and have him either accept or reject it, and the court found that, upon the evidence, she had failed to do this and, therefore, had not complied with the condition precedent to such revivor.
Plaintiff has assigned 11 errors in this court, but, in view of the conclusion at which we have arrived, it is necessary for us to consider only one such claimed error, namely, that the *86 Court of Appeals erred in affirming the trial court’s overruling of plaintiff’s motion for revivor.
Section 2311.31, Revised Code, reads as follows:
“Upon the death of a defendant in an action wherein the right, or any part of it, survives against his personal representative, the revivor shall be against him. An action for the recovery of money pending at the death of the defendant shall not be revived against the executor or administrator as provided in Sections 2311.21 to 2311.37, inclusive, of the Revised Code, unless written notice of the application or proceedings for such revivor is given to the executor or administrator within the time provided for the presentation of claims by creditors in Section 2117.06 of the Revised Code. The revivor may also be against the heirs or devisees of the defendant, or both, when the right of action, or any part of it, survives against them.”
It will be noted that on December 2, 1954, plaintiff filed her motion to substitute Laura Andre, executrix, as defendant in her (plaintiff’s) action against Roger J. Andre, Sr., which substitution was ordered, and on December 6, 1954, summons was served upon Laura Andre, executrix. Likewise, on December 10, 1954, plaintiff filed her motion for a conditional order of revivor, and a summons was issued to the sheriff of Columbiana County, with a copy of the petition, both of which were served upon Laura Andre, executrix.
It will be noted further, however, that the motion to substitute Laura Andre, executrix, as defendant, the motion for the conditional order of revivor, and the service of summons, with a copy of the petition, upon Laura Andre, executrix, all occurred nearly seven months after the appointment of Laura Andre as executrix.
Since Section 2311.31, Revised Code, provides that an action such as the present one shall not be revived against an executor or administrator unless written notice of the application or proceedings for such revivor is given to the executor or administrator within the time provided for the presentation of claims by creditors, and since this section provides that ail creditors shall present their claims to the executor or administrator within four months after the date of the appointment of the executor or administrator, it appears at first blush as though *87 the motion to revive in this ease was too late. However, Section 2117.07, Revised Code, provides for the presentation of claims after four months by providing that one having a claim against an estate, who has failed to present it within the time prescribed by law, may file a petition in the Probate Court for authority to present his claim after the expiration of such time, and the court may grant such a right if it finds, among other things, that the claimant did not have actual notice of the decedent’s death or the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by Section 2117.06, Revised Code, and such time may be extended to nine months from the date of the appointment of the executor or administrator.
The final paragraph of Section 2117.07 reads as follows:
“This section applies to any person who is required to give written notice to the executor or administrator of a motion or application to revive an action pending against the decedent at the date of death.”
Since the Probate Court granted plaintiff’s petition for an extension of time for the presentation of her claim, and she applied for a conditional order of revivor, and a summons, with a copy of the petition, was served upon Laura Andre, executrix, well within nine months from the time of her appointment as executrix, we are of the opinion that there was a compliance with Sections 2311.31 and 2117.07, Revised Code.
Assuredly, no more complete written notice of the application or proceedings for a revivor could be given to the executrix than a summons served upon her, with a copy of the petition in which she had been substituted as a defendant for her deceased husband.
It is true that Laura Andre died prior to the court’s authorization to extend the time for the presentation of claims, and plaintiff was authorized to present her claim to Cecil J. Barber, administrator. This she claims to have done, but the Court of Common Pleas resolved against such claim. However, in our opinion, it was not necessary that she make such presentation.
Section 2311.31 does not require the presentation of a claim, where an action which survives has been brought against a liv *88 ing person and that person has filed an answer and the cause is at issue. Musser’s Exr. v. Chase, 29 Ohio St., 577; Goehring v. Dillard, a Minor, 145 Ohio St., 41, 60 N. E. (2d), 704, 158 A. L. R., 299. It provides only that written notice of the application or proceedings for a revivor be given to the executor or administrator within a prescribed time.
As we have said, this was accomplished by the substitution of Laura Andre, executrix, as defendant, and the service of summons upon her, with a copy of the petition, within the time allowed under Section 2117.07, Revised Code, which is made applicable to the revivor of an action.
In our opinion, plaintiff has complied with all legal requirements to entitle her to a revivor of her action. The action was instituted in the lifetime of Roger J. Andre, Sr., and in his lifetime the issue between plaintiff and him had been made and the cause was ready for trial. After Roger J. Andre, Sr’s., death, his executrix was substituted as defendant, and service of summons was made upon her. Surely this was an effective notice to her of plaintiff’s claim. Thereafter, a motion for a conditional order of revivor against the executrix was promptly made by plaintiff. Since the action was one that survived, the revivor was required to be made by the court. The action having been instituted during the original defendant’s lifetime, and his executrix having been given notice of the claim after his death, it was not necessary to again present it. A petition was timely filed, an order was made by the Probate Court authorizing the filing of the claim, and a supplemental petition, alleging the death of Roger J. Andre, Sr., the subsequent appointment of his widow as executrix, the death of the widow, and the appointment of Cecil J. Barber as administrator de bonis non cum testamento annexo, was filed.
We are of the opinion that, since the first fiduciary was given actual notice of the claim, there was no duty upon the plaintiff to again give notice of such claim when a new fiduciary was appointed. After all, a claim need only be presented to the first executor or administrator, and, since any successor to him is merely a substitution, it would serve no purpose to require a repeated notice of claim.
It follows from what we have said, that it was not necessary *89 to present plaintiff’s claim to Cecil J. Barber, administrator, and, therefore, the Court of Common Pleas was in error in overruling plaintiff’s motion for the order of revivor and dismissing the cause, and that, likewise, the Court of Appeals was in error in affirming such judgment.
The judgment of the Court of Appeals is reversed, and the cause is remanded to the- Court of Common Pleas with instructions to sustain plaintiff’s motion for an order of revivor.

Judgment reversed.

Weygandt, C. J., Zimmerman, Bell, Taft, Matthias and Herbert, JJ., concur.